Bluestone Law, Ltd.
Minh Ngoc Nguyen (MN 8607)
4405 East-West Highway, Suite 402
Bethesda, MD  20814
Tel: 301-656-0230

LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiffs
880 Third Avenue
New York, NY  10022
Tel: 212-371-0033

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
BRU VENTURE CAPITAL HF

       Plaintiff,

  -against-

DIGITAL CREATIVE DEVELOPMENT
CORPORATION, GH VENTURES, L.L.C., and
STRATEGIC TURNAROUND EQUITY
PARTNERS, LP (CAYMAN)

       Defendants.

-----------------------------------------------------------------------X

       **COMPLAINT**

      08 Civ. 01811 (PKC)

    Plaintiff Bru Venture Capital hf. ("Plaintiff"), by and through undersigned counsel,

hereby sues defendants Digital Creative Development Corporation ("DIGITAL"), GH

Ventures, L.L.C. ("GH") and Strategic Turnaround Equity Partners, LP (Cayman)

("STRATEGIC") and alleges:

       **NATURE OF THE ACTION**

    1.  Plaintiff seeks money damages against DIGITAL for default on two

promissory notes, and against GH and STRATEGIC for breaches of contracts.

**THE PARTIES**

2.      Plaintiff is a corporation organized and existing under the laws of The Republic of Iceland and maintains its principal place of business at Borgatun 30, 105 Reykjavik, Iceland.

3.      Defendant DIGITAL is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 720 Fifth Avenue, 10th Floor, New York, NY 10019.

4.      Defendant GH is a limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 720 Fifth Avenue, 10th Floor, New York, NY 10019.

5.      Defendant STRATEGIC, to the best of Plaintiff's knowledge, is a limited partnership organized and existing under the laws of the Cayman Islands and maintains its principal place of business at 720 Fifth Avenue, 10th Floor, New York, NY 10019.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. 1332.  The matter in controversy exceeds, exclusive of interest and costs, $75,000.00.

**7.**      Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(a)(1) and 1391(c) because the defendants are subject to the personal jurisdiction of this Court, and therefore, considered to be residing in this judicial district.

## GENERAL ALLEGATIONS

8.      On or about May 7, 2003, Defendant DIGITAL executed and delivered a promissory note in the amount of $60,000 (Sixty Thousand US Dollars) ("Promissory Note 1") in favor of Framtak Investment Bank, PLC.

9.      On or about May 8, 2003, Defendant DIGITAL executed and delivered a promissory note in the amount of $60,000 (Sixty Thousand US Dollars) ("Promissory Note 2") in favor of EFA International Fund.

10.     On or about January 4, 2005, Framtak Investment Bank, PLC assigned all rights to Promissory Note 1 to the Plaintiff.  A copy of said promissory note, which reflects said assignment, is attached hereto as Exhibit A.

11.     On or about January 4, 2005, EFA International Fund assigned all rights to Promissory Note 2 to the Plaintiff.  A copy of said promissory note, which reflects said assignment, is attached hereto as Exhibit B.

12.     On or about March 1, 2007, Defendants GH and STRATEGIC, jointly and severally, entered into an agreement ("Purchase Agreement 1") with the Plaintiff for the purchase of the Promissory Note 1.  A copy of said agreement is attached hereto as Exhibit C.

13.     On or about March 1, 2007, Defendants GH and STRATEGIC, jointly and severally, entered into an agreement ("Purchase Agreement 2") with the Plaintiff for the purchase of Promissory Note 2. A copy of said agreement attached hereto as Exhibit D.

**14.**     Defendants GH and STRATEGIC have failed to comply with their payment obligations pursuant to said agreements, and are in breach of the agreements.

15.     Defendant DIGITAL has failed to make payment and defaulted on Promissory Note 1, and Promissory Note 2.

## COUNT I

### (Default of Promissory Note 1)

16.     Plaintiff repeats and realleges each and every allegation set forth in paragraph 1 through 15 as if fully set forth herein.

17.     Pursuant to Promissory Note 1, Defendant DIGITAL was obligated to pay the principal amount of $60,000 together with interest at a rate of ten percent (10%) per annum, compounded, (in accordance with the terms of the note) on or before September 7, 2004.

18.     Defendant DIGITAL defaulted in failing to pay the said note and owes to Plaintiff the amount of said note and interest pursuant to the terms of said note.

WHEREFORE, Plaintiff demands judgment against defendant, DIGITAL for the principal sum of $60,000, plus interest pursuant to the terms of said note, and costs.

## COUNT II
### (Default of Promissory Note 2)

19.     Plaintiff repeats and realleges each and every allegation set forth in paragraph 1 through 18 as if fully set forth herein.

20.     Pursuant to Promissory Note 2, Defendant DIGITAL was obligated to pay the principal amount of $60,000 together with interest at a rate of ten percent (10%) per annum, compounded, (in accordance with the terms of the note) on or before September 8, 2004.

21.     Defendant DIGITAL has defaulted in failing to pay the said note and owes to Plaintiff the amount of said note and interest pursuant to the terms of said note.

WHEREFORE, Plaintiff demands judgment against Defendant, DIGITAL for $60,000, plus interest pursuant to the terms of said note, and costs.

## COUNT III
### (Breach of Purchase Agreement 1)

22.    Plaintiff repeats and realleges each and every allegation set forth in paragraph 1 through 21 as if fully set forth herein.

23.    Pursuant to Purchase Agreement 1 between Plaintiff and Defendants GH and STRATEGIC, said Defendants agreed to purchase Promissory Note 1 from Plaintiff by paying the principal amount of Promissory Note 1 together with all interest owed thereon.

24.    Said Defendants have failed to make payment to Plaintiff in accordance with Purchase Agreement 1, and are in breach thereof.

WHEREFORE, Plaintiff demands judgment against Defendants, GH and STRATEGIC, jointly and severally, in the amount of $60,000, plus interest pursuant to the terms of said note, and costs.

## COUNT IV
### (Breach of Purchase Agreement 2)

25.    Plaintiff repeats and realleges each and every allegation set forth in paragraph 1 through 24 as if fully set forth herein.

26.    Pursuant to Purchase Agreement 2 between Plaintiff and Defendants GH and STRATEGIC, said Defendants agreed to purchase Promissory Note 2 by paying the principal amount of Promissory Note 2 together with all interest owed thereon.

27.    Said Defendants have not made the payment to Plaintiff in accordance with Purchase Agreement 2, and are in breach thereof.

WHEREFORE, Plaintiff demands judgment against Defendants, GH and STRATEGIC, jointly and severally, in the amount of $60,000 plus interest pursuant to the terms of said note, and costs.

### COUNT V
### (Breach of Attorney's Fee Agreement)

28.     In February 2007, Defendants GH and STRATEGIC, agreed to pay $8,500.00 toward Plaintiff's legal fees incurred in negotiating a final resolution to Plaintiff's claim on Promissory Note 1, Promissory Note 2, and Purchase Agreement 1 and Purchase Agreement 2.

29.     As a result of Defendants GH and STRATEGIC failing to comply with said purchase agreements, they have also failed to comply and pay said legal fee.

WHEREFORE, Plaintiff demands judgment against Defendants GH and STRATEGIC jointly and severally, for $8,500.00.

### PRAYER FOR RELIEF

Plaintiff demands judgment against Defendant, DIGITAL, as follows:

1.     a.     $60.000.00 plus interest at 10% per annum, compounded, (calculated on the basis of the actual days elapsed from but computed as if each year consisted of 360 days), from May 8, 2003, to date of judgment, and costs for Count I, and

b.     $60,000.00 plus interest at 10% per annum, compounded, (calculated on the basis of the actual days elapsed but computed as if each year consisted of 360 days), from May 9, 2003 to date of judgment, and costs for Count II, and

c.     $8,500.00 for Count V.

The combined amount of paragraph 1. is $120,000 plus interest as reflected on each subparagraph plus $8,500.00, and costs, alternatively,

Plaintiff demands judgment against Defendants GH and STRATEGIC jointly and severally,   as follows:

2.    a.    $60,000.00 plus interest at 10% per annum, compounded, (calculated on the basis of the actual days elapsed from but computed as if each year consisted of 360 days), from May 8, 2003, to date of judgment, and costs, for Count III, and

b.    $60,000.00 plus interest at 10% per annum, compounded, (calculated on the basis of the actual days elapsed but computed as if each year consisted of 360 days), from May 9, 2003 to date of judgment, and costs for Count IV, and

c.    $8,500.00 for Count V.

The combined amount for paragraph 2. is $120,000, interest as specified in subparagraphs 2a and b, $8,500, and costs.


Dated:  New York, New York
            February 15, 2008


_____/s/_____

Jonathan A. Bernstein (JB 4053)
LEVY DAVIS & MAHER, LLP
880 Third Avenue
New York, NY  10022
Tel. (212) 371-0033

Minh Ngoc Nguyen (MN 8607)
BLUESTONE LAW, LTD.
4405 East-West Highway, Suite 402
Bethesda, Maryland 20814
Tel. (301) 656-0230

Attorneys for Plaintiff